Filed 8/25/14  Daimler AG v. Superior Court CA3

# <u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

## (Sacramento)

----

|  |  |
|---|---|
| DAIMLER AG, | C073449 |
| Petitioner, | |
| v. | (Super. Ct. No. 34-2009-00041066-CU-PL-GDS) |
| THE SUPERIOR COURT OF SACRAMENTO COUNTY, | |
| Respondent; | |
| DAVID PIERSON et al., | |
| Real Parties in Interest. | |

This opinion will be an exercise in brevity.  That is because, while the present writ proceedings have been pending before us, no less an authority than the United States Supreme Court has decided the dispositive jurisdictional issue posed here.  In *Daimler AG v. Bauman* (2014) 571 U.S. ___ [187 L.Ed.2d 624] (*Bauman*), the high court concluded that Daimler AG's (Daimler) affiliations with California are insufficient to

1

subject it to general (all-purpose) personal jurisdiction in California. (*Id.* at p. ___ [187 L.Ed.2d at pp. 637-639].) Consequently, we shall issue a peremptory writ of mandate directing the trial court, which did not have the benefit of *Bauman*, to vacate its denial order and to enter an order granting Daimler's motion to quash service of summons for lack of personal jurisdiction.[1]

This matter involves a product liability claim concerning a 2000 Jeep Cherokee designed, manufactured, and distributed by Chrysler Corporation, a corporation Daimler owned for a time.[2] The Cherokee was sold in California to a California plaintiff, who was fatally injured in the vehicle in a California accident.[3] According to plaintiff, Daimler concedes that personal jurisdiction over Mercedes-Benz USA, LLC (MBUSA) is proper; plaintiff describes MBUSA as Daimler's subsidiary, national distributor in the United States, and sales arm in California.

*The issue* in this writ proceeding is whether California state courts have general personal jurisdiction over Daimler. Plaintiff agrees that California does not have specific personal jurisdiction over Daimler on the facts here.

The due process based personal jurisdiction requirement, for out-of-state defendants, of "minimum contacts" with the state (so as not to offend " 'fair play and substantial justice' "), set forth in *International Shoe Co. v. Washington* (1945) 326 U.S.

---

[1] We initially denied Daimler's petition for writ of mandate, relying on conflicting authority before *Bauman* was decided. The California Supreme Court granted review of our mandate denial and, after *Bauman* was decided, transferred this matter to us with directions to vacate our denial and to issue an order to show cause why the relief sought in Daimler's writ petition should not be granted in light of *Bauman.* After we issued the order to show cause, the parties filed, respectively, an amended return and a reply to that return.

[2] Daimler sold Chrysler in 2007.

[3] In this writ proceeding, plaintiffs are actually the real parties in interest; for simplicity, we refer to the real parties as plaintiff.

310, 316 [90 L.Ed. 95, 102], foreshadowed the development of two categories of personal jurisdiction: (1) specific (or conduct linked) jurisdiction, which has become the centerpiece of modern jurisdiction theory; and (2) the less well-known general (or all-purpose) jurisdiction. (*Bauman*, *supra*, 571 U.S. at p. ___ [187 L.Ed.2d at pp. 633-634, 630].)

A state court may assert general (all-purpose) jurisdiction over a foreign corporation " 'to hear any and all claims against [the corporation]' only when the corporation's affiliations with the State . . . are so constant and pervasive [(e.g., place of incorporation or principal place of business)] 'as to render [the corporation] essentially *at home* in the forum State.' " (*Bauman*, *supra*, 571 U.S. at p. ___ [187 L.Ed.2d at p. 630], quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown* (2011) 564 U.S.___, ___ [180 L.Ed.2d 796, 803], italics added; see also *Bauman,* at p. ___ [187 L.Ed.2d at pp. 639-640].)

Plaintiff concedes that California is neither Daimler's place of incorporation nor principal place of business, but argues that Daimler has significant California contacts through its exclusive distributor MBUSA—specifically, MBUSA's sales, marketing, and servicing activities are essential to Daimler's sale of cars in California, and plaintiff's claim involves the sale and servicing of the car at issue.

However, as *Bauman* concluded, "Even if we were to assume that MBUSA is at home in California, and further to assume MBUSA's contacts are imputable to Daimler, there would still be no basis to subject Daimler to general jurisdiction in California, for Daimler's slim contacts with the State hardly render it at home there." (*Bauman*, *supra*, 571 U.S. at p. ___ [187 L.Ed.2d at p. 639].)

Admittedly, *Bauman*'s facts are markedly different from the facts here (in *Bauman*, foreign plaintiffs sued Daimler in federal district court in California for human rights violations by Mercedes-Benz Argentina, a Daimler subsidiary; those alleged

3

violations occurred entirely outside the United States, and jurisdiction was predicated on MBUSA's California contacts). (*Bauman*, *supra*, 571 U.S. at p. ___ [187 L.Ed.2d at pp. 629-630].) But the concept of general (all-purpose) personal jurisdiction transcends these facts because it confers a jurisdictional *status* upon a qualifying out-of-state defendant—such a defendant may be sued in that jurisdiction on any and all claims against it, wherever in the world those claims may arise. (See *Bauman*, *supra*, 571 U.S. at p. ___ [187 L.Ed.2d at p. 630].) *Bauman* has determined that Daimler is not subject to general personal jurisdiction in California even if it is assumed that MBUSA is at home in California and that MBUSA's California contacts are imputable to Daimler.

### DISPOSITION

Let a peremptory writ of mandate issue directing respondent superior court to vacate its denial order and to enter a new and different order granting Daimler's motion to quash service of summons for lack of personal jurisdiction. Daimler is awarded its costs in this proceeding. (Cal. Rules of Court, rule 8.493(a)(1)(A).)


                                                    BUTZ        , J.


We concur:


     HULL           , Acting P.J.


     MURRAY      , J.